Robert F. Brennan, Esq. [S.B. #132449]
LAW OFFICES OF ROBERT F. BRENNAN, A P.C.
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Edgar Armendariz

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR ARMENDARIZ, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC, a Corporation; TRANSUNION LLC a Corporation; EOS/CCA, a business entity form unknown;, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. CV12-07311 DDP(PLAx)<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT.<br>2. ROSENTHAL DEBT COLLECTION PRACTICES ACT.<br>3. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT<br>4. FAIR DEBT COLLECTION PRACTICES ACT.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff Edgar Armendariz ("Plaintiff") is a resident of County of Los Angeles, State of California.

2. Defendants EQUIFAX INFORMATION SERVICES LLC ("EQUIFAX") and TRANSUNION LLC (TRANSUNION"), are business entities, forms unknown, doing business in the State of California as credit bureaus which

receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants". EOS/CCA ("EOS") operates as a collection agency which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

COMPLAINT FOR DAMAGES

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein,

whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX and and TRANSUNION, the credit bureau defendants who are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about December 12, 2006, Plaintiff received his Temporary Change of Station (TCS) orders from the Department of the Army. As an active duty soldier, Plaintiff's new station would be in Afghanistan for a period of 365 days starting January 13, 2007.

9. On or about early January 2007, in preparation for his deployment, Plaintiff visited the AT&T Mobility store in Lakewood Washington to cancel his AT&T Mobility service plan, since the Army would be supplying him with a government pre-paid phone for the year he spent in Afghanistan. Plaintiff provided the AT&T representative with a copy of his deployment documents from the Department of the Army proving he would be in Afghanistan until January 2008. The AT&T representative reviewed and accepted Plaintiff's Deployment Orders and verbally confirmed that his account was cancelled.

10. On or about May 2010, while applying for a security clearance, Plaintiff discovered that EOS was reporting a collection account on his credit profile. Plaintiff did not immediately recognize the EOS collection but after some research discovered that it originated from AT&T Mobility and tried calling AT&T but was told they no longer had access to his file.

11. On or about November 17, 2011, Plaintiff received a TRANSUNION Employment Credit Report, which indicated that the EOS account was placed for collection activity as of April 4, 2010.

12. On or about May 29, 2012, Plaintiff sent a dispute letter to EOS explaining that he cancelled his AT&T Mobility account in early January of 2007 and did not owe any money on that account. He requested that EOS provide him with dates, times, phone usage, past due bills etc. proving that he was responsible for this account. Plaintiff also provided copies of his deployment orders as proof that he was not in the country during the time the AT&T debt was incurred. Plaintiff sent this letter certified return receipt requested and received proof that EOS received his letter on June 6, 2012. Plaintiff has yet to receive a response from EOS.

13. On or about July 9, 2012, Plaintiff obtained a Creditcheck Monitoring report indicating that EQUIFAX and TRANSUNION were reporting the derogatory EOS collection account.

14. On or about July 13, 2012, Plaintiff sent a dispute letter to EQUIFAX and to TRANSUNION explaining that he did not incur the AT&T debt from which the EOS debt originated. Plaintiff also sent copies of his deployment orders as proof that he was not in the country when the AT&T debt was incurred. Plaintiff also supplied his soldier's Deployment History Report, and a copy of the dispute letter he sent to EOS dated May 29, 2012.

15. On or about July 20, 2012, EQUIFAX supplied a credit report verifying

1 the EOS debt. This report indicated that it was first reported as delinquent on July 2007.

16. On or about July 24, 2012, TRANSUNION responded to Plaintiff's dispute letter indicating that the information Plaintiff disputed was not currently appearing on Plaintiff's credit report. When Plaintiff tried to confirm that the EOS collection did not appear on his credit report he found that it was still appearing.

17. On or about July 30, 2012, Plaintiff contacted TRANSUNION and spoke to Customer Service Representative, Clara Brown who confirmed the EOS collection account and instructed him to dispute the EOS account on-line, which he did.

18. On or about August 8, 2012, Plaintiff received a CreditCheck Monitoring credit report indicating that EQUIFAX and TRANSUNION were still reporting the EOS collection account.

19. Plaintiff has been damaged by being denied a security clearance, employment opportunities with the LAPD and credit and home loans.

20. Defendants, EQUIFAX, TRANSUNION and EOS have refused, despite Plaintiff's phone calls and letters to acknowledge that he was not responsible for the EOS account.

21. Plaintiff sent correspondence to EQUIFAX, TRANSUNION, Experian and EOS asking that they reinvestigate his account cease any negative credit reporting and remove his account form collection activity. Only non-party Experian complied with plaintiff's request to cease the derogatory credit reporting. On information and belief, one or more of the credit bureaus sent dispute notices to EOS, thereby activating EOS'S' obligations to plaintiff under 15 U.S.C. Section 1681s-2 (b) of the Fair Credit Reporting Act. However, in spite of being given the opportunity to reasonably investigate and correct the false credit reporting, the defendants herein refused to do so.

COMPLAINT FOR DAMAGES

22. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

23. Within the past two years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate; and,

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation.

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants.

24. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

25. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated.

Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants have also specifically violated the provisions of FCRA designed to protect identity theft victims. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA ROSENTHAL ACT
## AGAINST EOS
## AND DOES 1-10, INCLUSIVE.

26. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

27. In continuing debt collection activities after the point where plaintiff notified defendants of the identity theft situation, and after he provided them with a proof that he was not in the country during the time the AT&T Mobility debt incurred because he was in Afghanistan, defendants EOS and DOES 1-10, Inclusive, willfully and knowingly violated the California Rosenthal Act. Specifically, defendant EOS and DOES 1-10, Inclusive, continued debt collection activities and procedures on a legally invalid debt and refused to take the necessary steps to confirm for themselves that the debt was not legally valid. Under Civ. Code Section 1788.17, the requirements of the federal FDCPA are incorporated into the Rosenthal Act, and defendants EOS and DOES 1-10,

COMPLAINT FOR DAMAGES

Inclusive, have specifically violated the following provisions of FDCPA as incorporated by Rosenthal:

    i.    15 U.S.C. Section 1692e (2): false representations about the character, amount or legal status of the debt;

    ii.    15 U.S.C. Section 1692e (5): threats to take legal action that could not be taken; and,

    iii.    15 U.S.C. Section 1692f (1): the collection of any amount not permitted by law to be collected.

28. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the Rosenthal Act.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST EOS AND DOES 1-10, INCLUSIVE.

29. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

30. Within two years prior to the filing of the complaint in this action, defendants EOS and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

31. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which Defendants EOS and DOES 1-10, Inclusive knew, or should have known, was incomplete or inaccurate.

32. Each of the Defendants EOS and DOES 1-10, Inclusive willfully and

COMPLAINT FOR DAMAGES

negligently failed in their obligations to reinvestigate and correct the derogatory marks in Plaintiff's credit reports. Plaintiff alleges that each of the Defendants EOS and DOES 1-10, Inclusive' policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

33. As a proximate result of the willful and negligent actions of the Defendants EOS and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

## FOURTH CAUSE OF ACTION
[VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST EOS AND DOES 1-10]

34. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

35. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. Section 1692a (3). Defendants EOS and DOES 1-10, Inclusive, are "debt collectors" as that term is defined by 15 U.S.C. Section 1692a (6).

36. In committing the acts against plaintiff as alleged above, defendants EOS and DOES 1-10, Inclusive, have violated at least 15 U.S.C. Section 1692e (8) of the Fair Debt Collection Practices Act, which prohibits "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Plaintiff also alleges that defendant EOS and DOES 1-

10, Inclusive, violated the FDCPA by continuing debt collection activities and procedures after having ample notice that the debt was not legally valid. Plaintiff specifically incorporates preceding paragraph 27 into this cause of action for a listing of the current FDCPA violations known at this time. Plaintiff reserves the right to allege other violations of the FDCPA as the facts of the case unfold.

37. As a consequence of such violations, plaintiff has sustained special and general damages according to proof. In addition, plaintiff is entitled to additional damages of $1000.00 per violation of the FDCPA, plus attorney's fees and costs as determined by the court.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: August 24 2012          ROBERT F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

### CV12- 7311 DDP (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:
Robert F. Brennan, Esq. SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN, A P.C
3150 Montrose Ave.
La Crescenta, CA 91214
Tel: 818-249-5291

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| EDGAR ARMENDARIZ, an Individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-07311 DDP(PLAx) |
| EQUIFAX INFORMATION SERVICES LLC, a Corporation; TRANSUNION LLC a Corporation; EOS/CCA, a business entity form unknown;,and DOES 1-10, Inclusive, DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Robert F. Brennan_____, whose address is 3150 Montrose Ave. La Crescenta, CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG 24 2012

Dated: _____

Clerk, U.S. District Court

By: ____JULIE PRADO____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)          SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Edgar Armendariz, an Individual | Equifax Information Services, LLC., a Corporation; TransUnion LLC., a Corporation; EOS/CCA, a business entity form unknow;, and DOES 1-10, Inclusive |
| Los Angeles County | Atlanta, Georgia |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert F. Brennan, Esq. SB # 132449<br>LAW OFFICES OF ROBERT F. BRENNAN<br>3150 Montrose Ave. La Crescenta, CA 91214, tel # 818-249-5291 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: CV12-07311

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Georgia | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_____   Date August 24, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |